**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRANTRINA A. DAVIS, | CASE NO. CV-F-05-0371 LJO |
| Plaintiffs, | **ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AND APPEAL OF ARBITRATION** |
| vs. | (Doc. 37.) |
| CIGNA HEALTHCARE, | |
| Defendant. | |

Plaintiff Grantrina Davis ("plaintiff") proceeds pro se to pursue her sexual harassment claims. This Court's July 25, 2005 order compelled arbitration of plaintiff's claims pursuant to defendant Connecticut General Life Insurance Company's arbitration policy and rules and stayed this action. On August 25, 2005, plaintiff filed her document entitled "Motion for Sanctions and Appeal of Arbitration." This Court construes plaintiff's vague document to request appointment of counsel or other relief which this Court is not in a position to provide.

A plaintiff has no constitutional or statutory right to appointment of counsel in a civil action. *See Ray v. Robinson*, 640 F.2d 474, 477 (3rd Cir. 1981) (citing *Peterson v. Nadler*, 452 U.S. F.2d 754, 757 (8th Cir.1971)); *see also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989). Only under exceptional circumstances may a district court appoint counsel to represent an indigent civil litigant. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an "evaluation of both the likelihood of success

on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *See Wilborn*, 789 F.2d at 1331 (citations and internal quotation marks omitted). To obtain counsel under 28 U.S.C. § 1915, the moving party must make a threshold showing that he sought counsel, has been unable to obtain it, and the claim is not frivolous. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2nd Cir. 1986). A court has authority to appoint counsel when it is necessary to avoid fundamental unfairness. *See Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981).

In the present case, this Court does not find the required exceptional circumstances. This Court has stayed this action and compelled arbitration of plaintiff's claims. Even if it is assumed that plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional and is similar to hundreds of other actions filed by employees. Plaintiff fails to demonstrate an attempt and inability to obtain counsel. Failure to appoint counsel will not result in "fundamental unfairness." Plaintiff has failed to substantiate the criteria for appointment of counsel or any other relief.

This Court DENIES plaintiff's motion for sanctions and appeal of arbitration. **This Court admonishes plaintiff that she must pursue her claims before the American Arbitration Association pursuant to Connecticut General Life Insurance Company's arbitration policy and the American Arbitration Association's rules and procedures. This Court further admonishes plaintiff that this action is stayed in this Court to prevent this Court to provide the type of relief plaintiff seeks.**

IT IS SO ORDERED.

**Dated:   August 29, 2005**              /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE