# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANTINA A. DAVIS, | CASE NO. CV-F-05-00371 LJO |
| Plaintiff, | **ORDER ON MOTION FOR RELIEF OF STAY AND TO AMEND COMPLAINT** (Doc. 41) |
| vs. | |
| CIGNA HEALTHCARE, | |
| Defendant. | |

On February 9, 2006, plaintiff Grantrina A. Davis ("plaintiff") filed two motions: (1) an ex parte application requesting the Court find defense counsel and defendant in contempt for providing false information to the Court, and (2) motion for relief from stay and to amend the pleading. The Court denied the request for contempt, but requested briefing from defendant on plaintiff's motion for relief from the stay and to amend the pleadings. On February 28, 2006, defendant filed its opposition to plaintiff's motion.[1] The Court then took the motion under submission without further argument pursuant to Local Rule 78-230(h).

**This Court's Order to Compel Arbitration**

This Court's July 25, 2005 order compelled arbitration of plaintiff's claims pursuant to defendant

---

[1] The Court directed defendant to file its opposition by February 27, 2006. The opposition was filed one day late on February 28, 2006, although it was timely served. Defendant's counsel, Marlene Muraco, submitted a declaration indicating that the delay in filing was the result of an internet connection problem. The Court finds that the one day delay is excused, and it will consider the substance of the opposition.

1

1  Connecticut General Life Insurance Company's [2] arbitration policy and rules.  This Court determined
2  that:

> Ms. Davis raises no substantive dispute as to a valid agreement to arbitrate her employment claims or as to the scope of claims subject to arbitration.  Plaintiff's employment application subjects to arbitration "ANY DISPUTE ABOUT MY CANDIDACY FOR EMPLOYMENT, EMPLOYMENT OR CESSATION OF EMPLOYMENT EXCLUSIVELY."  (Uppercase and underlining in original.)  A broad clause subjecting to arbitration disputes arising under or in connection with employment presumptively covers all employment-related controversies.  *See Oldroyd v. Elmira Savings Bank, FSB*, 134 F.3d 72, 76 (2nd Cir. 1998).  (Doc. 36, Order on Motion to Compel Arbitration, p. 8:6-12.)

In conjunction with the Court order compelling arbitration before the American Arbitration Association ("AAA"), the Court stayed this action.  (Doc. 36, Order on Motion to Compel Arbitration, p. 9.)

**Request to Amend and to Lift Stay**

Construing plaintiff's motion most favorably to plaintiff, plaintiff seeks to amend the complaint and lift the stay to pursue the claims in this Court.

Plaintiff did not attach a proposed complaint, but defendant indicates that plaintiff served a proposed second amended complaint on defendant on or about October 23, 2005.  Defendant states that the second amended complaint purported to add several individual defendants along with ten new causes of action for: 1) Interference with Civil Rights in Violation of Title VIII of the 1964 Discrimination and Sexual Harassment; 2) Violation of Fair Labor Standards Act; 3) Violation of California Labor Code; 4) Unfair and Unlawful Business Practices in Violation of California Business & Professions Code; 5) Violation of Federal Employment Compensation Act; 6) Fraud; 7) Violation of Civil RICO 1961, 1964; 8) Interference with Civil Rights in Violation of California Civil Code § 51.7, 52.1; 9) Interference with Civil Rights in Violation of American with Disabilities Act & Rehabilitation Act of 1973, California Civil Code § 54 & 42 U.S.C. § 1981; 10: Violation of HIPAA 1996; Unlawful Disclosure of Medical Information California Civil Code §§ 56-56.37; and 11) Wrongful Discharge.  Defendant asserts that each of the claims arise from plaintiff's employment with defendant or her alleged termination

---

[2] Although plaintiff's complaint names CIGNA Healthcare as defendant, plaintiff was employed by Connecticut General, a subsidiary of CIGNA Corporation ("CIGNA").  Plaintiff erroneously sues Connecticut General as CIGNA Healthcare.

2

therefrom. In addition, plaintiff seeks to amend to add names she has used and to name additional parties.

Defendant represents that the parties are currently pursuing selection of an AAA arbitrator. Defendant indicates that this process should be completed shortly. Once complete, a schedule will be devised and discovery may begin. Defendant argues that the amendment to the complaint is not necessary because the plaintiff's second amended complaint has been submitted to the AAA and will form the basis of the claims the parties will be arbitrating. Defendant argues that if plaintiff wants to demand arbitration against additional parties, she should do so through the auspices of AAA.

As previously held by this Court, plaintiff is subject to a broad arbitration agreement which covers any employment related disputes. The proposed claims in the second amended complaint relate to plaintiff's former employment. As represented to this Court, the second amended complaint has been forwarded to the AAA. The Court previously ordered the case to arbitration for similar claims when the arbitration provision was brought to the Court's attention. The proposed claims are also subject to the jurisdiction of AAA pursuant to the arbitration provision and not subject to this Court's jurisdiction. The Court must give due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914 (9th Cir.1993), *cert. denied*, 512 U.S. 1205, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994). Therefore, further proceedings must occur before the AAA.

**Conclusion**

The motion to amend and for relief of the stay is DENIED. The April 19, 2006 status conference at 8:30 a.m in dept. 8 will remain on calendar.

IT IS SO ORDERED.

**Dated:   March 7, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE