IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANTINA A. DAVIS, | CASE NO. CV F 05-0371 LJO |
| Plaintiff, | **ORDER ON PLAINTIFF'S EXTENSION REQUEST** |
| vs. | (Doc. 49.) |
| CIGNA HEALTHCARE, | |
| Defendant. | |

This Court's May 26, 2006 order required plaintiff Grantina A. Davis ("plaintiff"), no later than June 8, 2006, to file and serve her motion to address the pending arbitration before the American Arbitration Association and/or her claims. At the May 25, 2006 status conference, this Court asked plaintiff how much time she needed to file her motion and set the June 8, 2006 deadline based on plaintiff's response that June 8, 2006 was acceptable. On June 12, 2006, plaintiff filed her motion for a 60-day extension to file her motion to address the pending arbitration and/or her claims.

Pursuant to F.R.Civ.P. 16(b)(2), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions." "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." F.R.Civ.P. 16(b). The scheduling order "shall control the subsequent course of the action unless modified by a subsequent order." F.R.Civ.P. 16(e).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth*

1  *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous

2  piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at

3  610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

8  Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of

9  the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*,

10  163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

16  *Jackson*, 186 F.R.D. at 608.

17  This Court's Local Rule 6-144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

21  Plaintiff's extension request states matters which she claims warrant an extension of the June 8,

22  2006 motion deadline. Plaintiff's extension request fails to demonstrate good cause for an extension or

23  to explain how the matters prevented her to file a motion timely or to seek an extension. As such, this

24  Court is unable to determine whether good cause exists for an extension or whether plaintiff was diligent

25  to attempt to file a motion timely or to seek an extension.

26  For the reasons discussed above, this Court ORDERS plaintiff, no later than June 22, 2006, to

27  file and serve her declaration under penalty of perjury to address good cause for an extension, plaintiff's

28  diligence to attempt to file a motion timely or to seek an extension, why plaintiff could not meet the June

1 | 8, 2006 deadline despite her diligence, and factors mentioned above to address an extension request.
2 | Plaintiff's extension request will be deemed denied if plaintiff fails to comply with this order.
3 |       **This Court admonishes plaintiff that this federal court action remains stayed in favor of**
4 | **the pending arbitration before the American Arbitration Association and that the arbitration will**
5 | **continue to proceed unless this Court orders otherwise.**
6 |       IT IS SO ORDERED.
7 | **Dated:   June 14, 2006**           /s/ Lawrence J. O'Neill
   66h44d                                             UNITED STATES MAGISTRATE JUDGE