IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANTINA A. DAVIS,                                      )        Case No. 1:05-cv-00371-TAG
                                                        )
                      Plaintiff,                        )        ORDER DENYING PLAINTIFF'S
                                                        )        MOTION FOR REMAND, MOTION FOR
        v.                                              )        RELIEF OF STAY, AND MOTION TO
                                                        )        AMEND PLEADINGS (Doc. 53))
CIGNA HEALTHCARE,                                       )
                                                        )        ORDER SETTING STATUS
                      Defendant.                        )        CONFERENCE
_____                    )

## PROCEDURAL HISTORY

On March 17, 2005, plaintiff Grantina A. Davis ("plaintiff") commenced the instant civil action against defendant Cigna Healthcare ("defendant"), seeking $2 million in punitive damages and for "pain and suffering" as a result of alleged sexual harassment by Phil Hinojos, an employee of defendant, that purportedly created a hostile working environment for plaintiff. (Doc. 1).

On March 23, 2005, the court dismissed the complaint because it did not comply with F.R. Civ. P. 8(a) by adequately identifying grounds for relief against defendant. (Doc. 7, p. 4). Plaintiff was ordered to file an amended complaint. (Id.). On March 30, 2005, plaintiff filed a first amended complaint, which contained the same allegation of sexual harassment but which contained additional details to support the claim. (Doc. 8). Plaintiff asked for $50,000 in "actual, compensatory, and exemplary damages...." (Id.).

1

1    On April 21, 2005, defendant filed its answer, generally denying plaintiff's allegations.

2    (Doc. 11).  As an affirmative defense, defendant contended that the court lacked jurisdiction to

3    proceed because plaintiff "has agreed in writing to submit all employment-related disputes with

4    Defendant to binding arbitration."  (Doc. 11, p. 3).

5            On June 13, 2005, defendant filed a motion to compel arbitration.  (Doc. 22).  The

6    following day, defendant filed an amended motion to compel arbitration, accompanied by  legal

7    arguments and declarations in support thereof.  (Docs 26, 27, & 28).  Defendant included in its

8    motion exhibits substantiating its claim that plaintiff had agreed to resolve any employment

9    disputes through binding arbitration, as part of the normal employment procedures utilized by

10   defendant.  (Doc. 28, Exhs. A, B, C, & D).

11           On June 28, 2005, plaintiff filed an opposition to defendant's motion to compel

12   arbitration.  (Doc. 33).  In that opposition, plaintiff essentially argued that she was unaware of the

13   arbitration clause in her employment contract and that, in any event, such a provision was illegal.

14   (Doc. 33, p. 4).  On July 12, 2005, plaintiff filed an amended opposition, contending inter alia

15   that she was unaware of the arbitration provision, that she signed the arbitration agreement under

16   duress, that the documents given to her were confusing, and that the arbitration provision was

17   unconscionable and unconstitutional.   (Doc. 34).

18           On July 26, 2005, the court issued an order granting defendant's motion to compel

19   arbitration and granting a stay of the proceedings.  (Doc. 36).  In that order, the court noted that

20   plaintiff did not "meaningfully challenge arbitration," and that she "does not deny that she had

21   signed and read her employment application to commit to arbitration and signed a receipt to

22   acknowledge she received the employee handbook describing arbitration."  (Id. at p. 7).  The

23   court concluded that plaintiff was "bound by the provisions of the [arbitration] agreement

24   regardless of whether [she] read it or [was] aware of the arbitration clause when [she] signed the

25   document."  (Id., quoting Brookwood v. Bank of America, 45 Cal.App.4th 1667, 1674 (1996)).

26   The court also held that plaintiff had raised "no substantive dispute as to a valid agreement to

27

28                                                    2

1    arbitrate her employment claims or as to the scope of claims subject to arbitration." (Id. at p. 8).

2    Accordingly, the court ordered a stay of these proceedings and granted defendant's motion to

3    compel arbitration by the American Arbitration Association ("AAA").  (Id. at p. 9).

4           On August 25, 2005, plaintiff filed a Motion for Sanctions and Appeal of Arbitration.

5    (Doc. 37).  In that motion, plaintiff contended that defendant was using the district court to

6    perpetrate "fraud and harassment," that defendant was attempting to prolong its "fishing

7    expedition" and cause "undue, burdensome harassment" on plaintiff, that plaintiff was

8    experiencing a financial burden in litigating this case, and that she required appointment of a

9    lawyer. (Doc. 37, pp. 2-3).  On August 30, 2005, the court denied plaintiff's motion for

10   sanctions, her motion for appointment of counsel, and her appeal of the prior arbitration order.

11   (Doc. 38).

12          On February 9, 2006, plaintiff filed a motion for contempt of court and ex-parte hearing,

13   contending that defendant's employee, Stacey Berbereia made false statements "to legalize and

14   hold lost wages" of plaintiff, as well as to file a false child abuse report with Tulare County

15   Health and Human Services Department and the Visalia Police Department.  (Doc. 40 , p. 2).

16   Plaintiff also contended that Berbereia caused plaintiff to be "termed" in her employment as

17   retaliation.  (Id.).[1]  At the same time, plaintiff filed a Motion For Relief Of Stay and to Amend

18   Pleadings.  (Doc. 41).  In that motion, plaintiff again argues that compelling arbitration violates

19   plaintiff's constitutional right to access to the federal courts.  (Id. at p. 3).

20          On March 8, 2006, the court issued an order denying plaintiff's motion for relief of stay

21   and to amend the complaint.  (Doc. 45).  In that order, the court noted that plaintiff had alleged

22   she had served a second amended complaint on defendant that included, inter alia, additional

23   claims of discrimination, harassment, wrongful discharge, but that all such purported new claims

24   related to plaintiff's employment with defendant and were, therefore, included within the broad

25

26          [1]Plaintiff's allegations are unclear and, at times, unintelligible regarding the basis for Berbereia's

27   purported retaliation against plaintiff.

28                                                  3

arbitration agreement plaintiff had signed at the outset of her employment.  (Doc. 45, p. 3).  The court held that the proposed new claims were subject to arbitration by the AAA and that all further proceedings must occur before the AAA.  (Id.).

At a status conference on May 25, 2006, plaintiff indicated that she wished to file a motion to address the pending arbitration before the AAA.  (Doc. 49, p. 1).  The court granted plaintiff leave until June 8, 2006, within which to file such a motion.  (Id.).  The court set a new status conference for August 30, 2006, and, at the same time, admonished plaintiff that the federal case remained stayed pending arbitration by the AAA.  (Id. at p. 2).

On June 12, 2006, plaintiff requested an additional sixty days within which to file her motion.  (Doc. 50).  The court ordered plaintiff to provide a declaration stating good cause for such a request.  (Doc. 51).  At the status conference on August 30, 2006, the court ordered that plaintiff file her new motion by September 15, 2006.  (Doc. 52).  On September 19, 2006, plaintiff complied by filing the instant Motion For Remand, Relief of Stay, and To Amend Pleadings.  (Doc. 53).  On October 3, 2006, defendant filed its opposition.  (Doc. 58).

Previously, on September 21, 2006, the United States District Court for the Eastern District of California, Fresno Division, reassigned this case to the present Magistrate Judge. (Doc. 54).  On October 17, 2006, the current Magistrate Judge assigned to this case vacated the hearing on the instant motion scheduled for October 19, 2006, and took the matter under submission.  (Doc. 60).

## DISCUSSION

Initially, it bears emphasis that the instant motion challenging compelled arbitration is plaintiff's third, and possibly fourth, "bite at the apple," plaintiff having already challenged the issue of compelled arbitration on three prior occasions, i.e., once in her original opposition to defendant's motion (Doc. 33), once immediately following the order to compel arbitration (Doc. 37), and once in the motion filed on February 9, 2006.  (Doc. 41).  It appears from this record that the Magistrate Judge previously assigned to this case took great pains to indulge a

4

pro se party and to afford plaintiff every opportunity to fully state her reasons for challenging the arbitration order.  It is also obvious that plaintiff has taken full advantage of the court's indulgence by now submitting a seventy-nine page opus that meanders across the landscape of both state and federal employment law and that contains voluminous attachments, none of which address the core issue of whether the underlying arbitration clause is valid and should be enforced.

Indeed, plaintiff's motion is best construed as a motion for reconsideration of the order of July 26, 2005, granting defendant's motion to compel arbitration.  Under Local Rule 78-230(k), applications for reconsideration must set forth in an affidavit or brief "the material facts and circumstances surrounding each motion for which reconsideration is sought."  Such facts and circumstances include: (1) when and to what judge the prior motion was made; (2) what ruling, decision or order was made thereon; (3) *what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion*; and, (4) *why the facts or circumstances were not shown at the time of the prior motion*.  Local Rule 78-230(k)(1)-(4)(Emphasis supplied).

A motion for reconsideration will be denied if it is not based on newly discovered evidence, or it does not identify clear error in the initial decision, or if it is not based on an intervening change in controlling law.  E.g., School Dist. No. 1J, Multnomah Co. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Van Scoy v. Shell Oil Co., 98 F.3d 1348 (9th Cir. 1996).

Defendant correctly argues in its opposition that plaintiff has failed to cite new facts or circumstances that did not exist at the time the prior Magistrate Judge made the ruling granting the motion to compel arbitration.  (Doc. 58, p. 8).  Although here plaintiff complains mightily, and in much greater legal detail than in her two previous efforts, regarding the validity of the arbitration agreement, its scope, its terms, and its effect of staying the instant proceedings, ultimately she has alleged no new facts or circumstances that justify revisiting the court's prior orders. Neither has plaintiff identified any "clear error" in the prior Magistrate Judge's ruling nor

1  has plaintiff identified any intervening change in law that would affect the court's disposition of

2  this motion.

3      To the contrary, it appears that the only consequence of the court's long-standing

4  indulgence of plaintiff has been plaintiff's indefinite delay of the arbitration proceedings by the

5  filing of repetitive, confusing, and, ultimately, meritless arguments replete with irrelevant

6  information and exhibits.

7      The court's indulgence of such conduct, however, is now at an end.  Since the court's

8  order of July 26, 2006, each subsequent order has contained a bold-faced admonition to plaintiff

9  that "this federal court action remains stayed in favor of the pending arbitration before the

10 American Arbitration Association and that the arbitration will continue to proceed unless this

11 Court orders otherwise."  Plaintiff's conduct can only be characterized as dilatory, having

12 successfully delayed arbitration for almost fifteen months, while at the same time having

13 depleted judicial resources with her repetitive challenges to arbitration.

14      The court therefore construes plaintiff's Motion For Remand, Relief of Stay, and To

15 Amend Pleadings as a motion for reconsideration of the order to compel arbitration.  For the

16 reasons set forth above, the court hereby denies such reconsideration.  The court's prior orders

17 regarding the stay of federal proceedings and its reference of this case to arbitration before the

18 AAA remain in full force and effect.  The parties are hereby ordered to appear, telephonically or

19 in person, for a status conference on February 1, 2007, at 9:30 a.m., to assess the progress of

20 arbitration.

21                              **ORDER**

22      For the foregoing reasons, the court HEREBY ORDERS as follows:

23 1.  Plaintiff's Motion For Remand, Relief of Stay, and To Amend Pleadings  (Doc. 53), is

24     DENIED; and

25 ///

26 ///

27

28                               6

2.  The parties are ordered to appear, either in person or telephonically, for a status conference regarding the progress of arbitration before the AAA on February 1, 2007, at 9:30 a.m..

IT IS SO ORDERED.

Dated:   **November 7, 2006**                                   _____**/s/ Theresa A. Goldner**_____
**j6eb3d**                                                           UNITED STATES MAGISTRATE JUDGE

7