# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANTRINA A. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CIGNA HEALTHCARE,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:05-cv-0371 TAG<br><br>ORDER FOR PLAINTIFF TO APPEAR AND TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER<br>(Doc. 36) |

## BACKGROUND

On March 17, 2005, plaintiff Grantrina A. Davis ("Plaintiff"), proceeding pro se, commenced the instant civil action against defendant Cigna Healthcare ("Defendant"), seeking $2 million in punitive damages and for "pain and suffering" as a result of alleged sexual harassment by Phil Hinojos, an employee of defendant, that purportedly created a hostile working environment for plaintiff. (Doc. 1). On March 23, 2005, the Court dismissed the complaint because it did not comply with Fed.R.Civ. P. 8(a) by adequately identifying grounds for relief against defendant. (Doc. 7, p. 4). Plaintiff was ordered to file an amended complaint. (Id.). On March 30, 2005, Plaintiff filed a first amended complaint, which contained the same allegation of sexual harassment but which contained additional details to support the claim. (Doc. 8). Plaintiff asked for $50,000 in "actual, compensatory, and exemplary damages...." (Id.). Both Plaintiff and Defendant consented to the jurisdiction of the Magistrate Judge, pursuant to 28 U.S.C.§ 636(c) and Local Rule 72-305. (Docs. 12 and 15).

On April 21, 2005, Defendant filed its answer, generally denying Plaintiff's allegations. (Doc. 11). As an affirmative defense, Defendant contended that the Court lacked jurisdiction to proceed because Plaintiff "has agreed in writing to submit all employment-related disputes with Defendant to binding arbitration." (Doc. 11, p. 3).

1

On June 13, 2005, Defendant filed a motion to compel arbitration. (Doc. 22). The following day, Defendant filed an amended motion to compel arbitration, accompanied by legal arguments and declarations in support thereof. (Docs 26, 27, & 28). Defendant included in its motion exhibits substantiating its claim that plaintiff had agreed to resolve any employment disputes through binding arbitration, as part of the normal employment procedures utilized by Defendant. (Doc. 28, Exhs. A, B, C, & D).

On June 28, 2005, Plaintiff filed an opposition to Defendant's motion to compel arbitration. (Doc. 33). In that opposition, Plaintiff essentially argued that she was unaware of the arbitration clause in her employment contract and that, in any event, such a provision was illegal. (Doc. 33, p. 4). On July 12, 2005, Plaintiff filed an amended opposition, contending, inter alia, that she was unaware of the arbitration provision, that she signed the arbitration agreement under duress, that the documents given to her were confusing, and that the arbitration provision was unconscionable and unconstitutional. (Doc. 34).

On July 26, 2005, the Court issued an order granting Defendant's motion to compel arbitration and granting a stay of the proceedings. (Doc. 36). In that order, the Court noted that Plaintiff did not "meaningfully challenge arbitration," and that she "does not deny that she had signed and read her employment application to commit to arbitration and signed a receipt to acknowledge she received the employee handbook describing arbitration." (Id. at p. 7). The Court concluded that Plaintiff was "bound by the provisions of the [arbitration] agreement regardless of whether [she] read it or [was] aware of the arbitration clause when [she] signed the document." (Id., quoting Brookwood v. Bank of America, 45 Cal.App.4th 1667, 1674 (1996)). The Court also held that Plaintiff had raised "no substantive dispute as to a valid agreement to arbitrate her employment claims or as to the scope of claims subject to arbitration." (Id. at p. 8). Accordingly, the Court ordered a stay of these proceedings and granted Defendant's motion to compel arbitration by the American Arbitration Association ("AAA"). (Id. at p. 9).

On August 25, 2005, Plaintiff filed a Motion for Sanctions and Appeal of Arbitration. (Doc. 37). In that motion, Plaintiff contended that Defendant was using the district court to perpetrate "fraud and harassment," that Defendant was attempting to prolong its "fishing expedition" and cause "undue,

burdensome harassment" on Plaintiff, that Plaintiff was experiencing a financial burden in litigating this case, and that she required appointment of a lawyer. (Doc. 37, pp. 2-3). On August 30, 2005, the Court denied Plaintiff's motion for sanctions, her motion for appointment of counsel, and her appeal of the prior arbitration order. (Doc. 38).

On February 9, 2006, Plaintiff filed a Motion for Relief of Stay and to Amend Pleadings. (Doc. 41). In that motion, Plaintiff again argued that compelling arbitration violates Plaintiff's constitutional right to access to the federal courts. (Id. at p. 3). On March 8, 2006, the Court issued an order denying Plaintiff's motion for relief of stay and to amend the complaint. (Doc. 45). In that order, the Court noted that Plaintiff had alleged she had served a second amended complaint on Defendant that included, inter alia, additional claims of discrimination, harassment, wrongful discharge, but that all such purported new claims related to Plaintiff's employment with Defendant and were, therefore, included within the broad arbitration agreement Plaintiff had signed at the outset of her employment. (Doc. 45, p. 3). The Court held that the proposed new claims were subject to arbitration by the AAA and that all further proceedings must occur before the AAA. (Id.).

On May 18, 2006, Defendant filed a status report, in which it detailed the problems it had encountered setting an arbitration hearing due to Plaintiff's objections to many of AAA's proposed arbitrators. (Doc. 45). At a status conference on May 25, 2006, Plaintiff indicated that she wished to file a motion to address the pending arbitration before the AAA. (Doc. 49, p. 1). The Court granted Plaintiff leave until June 8, 2006, within which to file such a motion. (Id.). The Court set a new status conference for August 30, 2006, and, at the same time, admonished Plaintiff that the federal case remained stayed pending arbitration by the AAA. (Id. at p. 2).

On June 12, 2006, Plaintiff requested an additional sixty days within which to file her motion. (Doc. 50). The Court ordered Plaintiff to provide a declaration stating good cause for such a request. (Doc. 51). At the status conference on August 30, 2006, the Court ordered that Plaintiff file her new motion by September 15, 2006. (Doc. 52). On September 19, 2006, Plaintiff complied by filing a Motion For Remand, Relief of Stay, and To Amend Pleadings. (Doc. 53). On October 3, 2006, Defendant filed its opposition. (Doc. 58). This Court denied Plaintiff's motion on November 8, 2006, noting that it constituted Plaintiff's "third, and possibly fourth, bite at the apple," as Plaintiff had already

3

1 challenged the issue of compelled arbitration on three prior occasions, i.e., once in her original
2 opposition to Defendant's motion (Doc. 33), once immediately following the order to compel arbitration
3 (Doc. 37), and once in the motion filed on February 9, 2006, (Doc. 41). (Doc. 61). In the November
4 8 order, this Court scheduled a February 1, 2007, Status Conference to assess the progress in the
5 arbitration proceedings. (Id. at pp. 6-7).

6 The February 1, 2007 Status Conference came on for hearing before Judge Goldner at 9:48 a.m.
7 in Bakersfield, California. All parties were given an opportunity to appear telephonically. (Doc. 61)[1].
8 Plaintiff appeared in person and Marlene Muraco, counsel for Defendant, appeared telephonically. At
9 the commencement of the Status Conference, the Court explained that the purpose of the hearing was
10 to discuss the status of the AAA arbitration which had been ordered on July 26, 2005. Defendant
11 reported that the arbitration was held in abeyance when Plaintiff declined to participate in the arbitration.
12 Defendant's counsel reported that Plaintiff objected to the arbitration process, objected that she had
13 been ordered into arbitration, and declined to participate in the arbitration process. Defendant's counsel
14 further reported that Plaintiff had rejected five or six proposed arbitrators, and when an arbitrator was
15 eventually appointed, Plaintiff declined to participate in the arbitration proceedings. Plaintiff denied
16 Defendant's counsel's allegations, and raised complaints about the Status Conference being conducted
17 in Bakersfield.[2] The Court informed the parties that it would issue an order to show cause why the
18 instant case should not be dismissed for Plaintiff's failure to comply with the Court's order to arbitrate.
19 As the Court explained the parties' right to file responses to the order to show cause, and as it started
20 to address Plaintiff's other concerns, including conducting a Status Conference in Bakersfield, Plaintiff
21 stood up and began to walk out of the Status Conference while court was in session and the Court was
22 making its oral ruling. Despite the Court's repeated admonishments to Plaintiff to sit down, Plaintiff
23 abruptly left the courtroom and did not return. As of the issuance of this order, Plaintiff has not contacted

---

[1] Page 7, Lines 1-3 of the Court's Order Denying Plaintiff's Motion for Remand, Motion for Relief of Stay, and Motion to Amend Pleadings, and Order Setting Status Conference, states: "The parties are ordered to appear, either in person or telephonically, for a status conference regarding the progress of arbitration before the AAA on February 1, 2007, at 9:30 a.m.."

[2] On September 21, 2006, this case was reassigned from Magistrate Judge O'Neill, whose chambers are in Fresno, to Magistrate Judge Goldner, whose chambers are in Bakersfield, California. (Doc. 54).

the Court in any fashion.

## DISCUSSION

This court's Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules, especially when the court has given the party "abundant opportunity and incentive" to comply with the order.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal without prejudice for failure to comply with local rule requiring <u>pro se</u> plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Thompson</u>, 782 F.2d at 832 (dismissal for failure to prepare for pretrial conference despite grants of extensions of time); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In this case, Plaintiff and Defendant were ordered to binding arbitration by Court order dated July 26, 2005.  (Doc. 36).  More than 18 months have passed since this action was ordered into arbitration, and no arbitration has taken place, ostensibly because Plaintiff has refused to participate in the AAA arbitration proceedings. If such allegations are true, rather than proceed with arbitration as ordered by the court, Plaintiff has obstructed the arbitration process, and thereby circumvented the Court's order to arbitrate,  and impeded the judicial process. Most significantly, if such allegations are true, Plaintiff's conduct constitutes a refusal to obey the Court's order to arbitrate this action.  Under these circumstances,  good cause exists to issue an order to show case why this action should not be dismissed for failure to obey the Court's order to arbitrate this action.

///

///

5

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is ORDERED to APPEAR and SHOW CAUSE on March 22, 2007, at 1:30 p.m. before Judge Goldner, in Courtroom 8 of the United States District Court at 2500 Tulare Street, Fresno, CA, 93721, why the instant action should not be dismissed for Plaintiff's failure to comply with the Court's order dated July 26, 2005 (Doc. 36).

2. If the parties choose, they may file written responses as to why this action should or should not be dismissed, which responsive pleadings must be submitted by sworn declaration of facts on or before March 2, 2007, and may include a supporting memorandum of law.

3. If, on or before 4:00 p.m. on March 21, 2007, the parties file a written stipulation with the Court, representing that progress has been made towards arbitration, i.e., an agreed-upon arbitration date has been set, and/or the arbitration hearing has taken place, the Court will consider discharging this order to show cause and issuing an order vacating the March 22, 2007 order to show cause hearing.

Plaintiff is forewarned that her failure to comply with and/or respond to this order shall result in a dismissal of this case, with prejudice, pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **February 2, 2007**                                           **/s/ Theresa A. Goldner**
**j6eb3d**                                                              UNITED STATES MAGISTRATE JUDGE