IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANTRINA A. DAVIS, | Case No. 1:05-cv-0371 TAG |
| Plaintiff, | ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE |
| vs. | TO OBEY A COURT ORDER (Docs. 36, 65) |
| CIGNA HEALTHCARE, | ORDER GRANTING JUDGMENT |
| Defendant. | TO DEFENDANT |

On March 30, 2005, plaintiff, Grantrina A. Davis ("Plaintiff") proceeding pro se, filed an amended complaint against defendant Connecticut General Life Insurance Co. ("Defendant") (erroneously sued as CIGNA Healthcare). (Doc. 8). The amended complaint alleged that, while employed by Defendant, Plaintiff continuously had been sexually harassed by another employee, which resulted in a hostile work environment. Plaintiff further alleged that Defendant interfered with her attempts to obtain medical care that would have helped her cope with these employment-related problems. (Id.). Both parties consented to the jurisdiction of the Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule 72-305. (Docs. 12 and 15). On July 26, 2005, the Court granted Defendant's motion to compel arbitration (Doc. 24). In its order, the Court required the parties to submit to binding arbitration proceedings in accordance with the provisions of the employment contract, which Plaintiff had signed, and stayed the action in the district court. (Doc. 36). Plaintiff repeatedly filed motions and appeals, apparently in an attempt to avoid arbitrating her claims, despite the stay order. (See generally, docket, docs. 37 through 61).

On February 1, 2007, this Court held a status conference to ascertain the present stage of the arbitration proceedings. (Docket entry 64). Defendant asserted that, because Plaintiff declined to

1  participate in the proceedings by, <u>inter alia</u>, rejecting several qualified arbitrators, the arbitration
2  hearing currently was held in abeyance.  Plaintiff denied Defendant's contentions and summarily
3  walked out of the hearing while the Court was making its oral rulings.  (<u>Id.</u>).  On February 2, 2007,
4  the Court issued an order to show cause ("OSC") as to why the case should not be dismissed for
5  Plaintiff's failure to comply with the Court's July 26, 2005 order compelling Plaintiff to arbitrate her
6  grievances, and scheduled a show cause hearing that Plaintiff was required to attend in person.
7  (Doc. 65).  The OSC provided the parties an opportunity to submit written reports supporting or
8  opposing the contemplated dismissal.  (<u>Id.</u>).

9       On March 2, 2007, Defendant filed a response to the OSC.  (Doc. 66).  In its response,
10 Defendant not only summarized the Court proceedings, but also included a detailed list of the
11 various actions by the parties and the American Arbitration Association ("AAA"), which activities,
12 Defendant asserts, demonstrate Plaintiff's unwillingness to arbitrate her claims.  (<u>Id.</u> at 4-7).
13 According to Defendant, in October 2005, Plaintiff responded to a request of the claims to be
14 arbitrated by forwarding a second-amended complaint to both Defendant and the AAA, which
15 contained eleven causes of action and named additional individual defendants.  (<u>Id.</u> at 4).  Defendant
16 then lists the AAA's appointment of several arbitrators, all of whom Plaintiff rejected from March
17 through October 2006.  Defendant notes that, because Plaintiff had not timely objected to the
18 appointment of one of the arbitrators, the AAA reaffirmed his appointment as an arbitrator.  (<u>Id.</u> at
19 5-6).  After Plaintiff declined to participate in an October 9, 2006, conference call with the appointed
20 arbitrator, the AAA decided to hold the arbitration in abeyance due to Plaintiff's refusal to
21 participate in the arbitration.  Defendant declares that Plaintiff subsequently wrote the AAA and
22 Defendant's counsel, advising them that "the matter could be held in abeyance [but not indicating]
23 that she would be willing to participate in the arbitration process."  (<u>Id.</u> at 6, entry dated December
24 15, 2006).  In light of Plaintiff's obvious lack of interest in complying with the Court's July 26,
25 2005, order, Defendant specifies how the factors that must be considered before dismissing an action
26 have been satisfied, and urges the Court to dismiss the instant case.  (<u>Id.</u> at 7-11).  On March 5,
27 2007, Plaintiff filed her "objection to untimely order dated November 7, 2006; and order dated
28

February 2, 2007,"[1] in which she alleges that both Magistrate Judges O'Neill and Goldner[2] discriminated against the same "group or class of citizens" and allegedly conspired with each other to the detriment of Plaintiff and her dependents, causing them various damages.  Plaintiff alleges that Defendant, its attorneys, Judges O'Neill and Goldner, and others have deprived her of her civil rights; disobeyed court orders; failed to act in accordance with standard court rules and procedures; and lied to the public and federal and/or state agencies, thereby subjecting her to danger to her life and property and impeding investigations.  (Doc. 69).  Plaintiff's main comments responsive to the OSC concern the February 1, 2007, status conference, which, she complains, was not open to the public.  Plaintiff adds that she was not allowed to produce evidence or call witnesses at the status conference, and that there were no accommodations for her alleged work-related injuries.  Plaintiff further asserts that she elected to leave to avoid Judge Goldner's hostile attacks, at which point she alleges the Judge began to yell at her.  Finally, Plaintiff contends that her work-related injuries are not subject to arbitration.[3]  Plaintiff requests that the November 7, 2006 and February 1, 2007 (OSC) orders be denied (Docs. 61 and 65), and that Judges O'Neill and Goldner be dismissed.  (Id. at 4-9).

On March 22, 2007, the show cause hearing proceeded as scheduled before Magistrate Judge Goldner in Courtroom 8 of the United States District Courthouse in Fresno, California.  (Docs. 65, 70).  Plaintiff appeared in person and Defendant's attorney, Marlene Muraco, appeared telephonically.  (Doc. 70).  The parties relied on their respective responses to the OSC, and the Court took the matter under submission.  (Id.).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

---

[1] The order signed on November 7, 2006, denied Plaintiff's "motion for remand, motion for relief of stay, and motion to amend pleadings" (Doc. 53) and set the February 1, 2007 status conference.  (Doc. 61).

[2] Magistrate, now District Court, Judge O'Neill reassigned this action to Magistrate Judge Goldner for "good cause" in September 2006.  (Doc. 54).

[3] Plaintiff's amended complaint does not allege that she suffered any work-related physical injuries.  (See doc. 8).

appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules, especially when the court has given the party "abundant opportunity and incentive" to comply with the order. See Ghalizi v. Moran, 46 F.3d 52, 52-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal without prejudice for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of addresses); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action for failure to obey a court order, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), citing Malone v. U.S. Postal Service, 833 F.2d at 130, and quoting Thompson v. Housing Auth., 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). With respect to the fifth factor, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

**FINDINGS, CONCLUSIONS, AND ORDER**

The Court makes the following findings, conclusions, and order on the Order to Show Cause:

    1. On July 26, 2005, the Court issued an order granting Defendant's motion to compel arbitration and granting a stay of the proceedings. (Doc. 36). In that order, the Court noted that Plaintiff did not "meaningfully challenge arbitration," and that she "does not deny that she had signed and read her employment application to commit to arbitration and signed a receipt to acknowledge she received the employee handbook describing arbitration." (Id. at p. 7). The Court concluded that Plaintiff was "bound by the provisions of the [arbitration] agreement regardless of whether [she] read it or [was] aware of the arbitration clause when [she] signed the document." (Id.,

1  quoting <u>Brookwood v. Bank of America</u>, 45 Cal.App.4th 1667, 1674 (1996)).  The Court also held
2  that Plaintiff had raised "no substantive dispute as to a valid agreement to arbitrate her employment
3  claims or as to the scope of claims subject to arbitration."  (<u>Id.</u> at p. 8).  Accordingly, the Court
4  ordered a stay of these proceedings and granted Defendant's motion to compel arbitration by the
5  American Arbitration Association ("AAA").  (<u>Id.</u> at p. 9).

6       2. On August 25, 2005, Plaintiff filed a Motion for Sanctions and Appeal of Arbitration.
7  (Doc. 37).  In that motion, Plaintiff contended that Defendant was using the district court to
8  perpetrate "fraud and harassment," that Defendant was attempting to prolong its "fishing expedition"
9  and cause "undue, burdensome harassment" on Plaintiff, that Plaintiff was experiencing a financial
10 burden in litigating this case, and that she required appointment of a lawyer.  (Doc. 37, pp. 2-3).  On
11 August 30, 2005, the Court denied Plaintiff's motion for sanctions, her motion for appointment of
12 counsel, and her appeal of the prior arbitration order.  (Doc. 38).

13      3. On February 9, 2006, Plaintiff filed a Motion for Relief of Stay and to Amend Pleadings.
14 (Doc. 41).  In that motion, Plaintiff again argued that compelling arbitration violates Plaintiff's
15 constitutional right to access to the federal courts.  (<u>Id.</u> at p. 3).  On March 8, 2006, the Court issued
16 an order denying Plaintiff's motion for relief of stay and to amend the complaint.  (Doc. 45).  In that
17 order, the Court noted that Plaintiff had alleged that she served a second amended complaint on
18 Defendant that included, additional claims of <u>inter alia</u>, discrimination, harassment, and wrongful
19 discharge, but that all such purported new claims related to Plaintiff's employment with Defendant
20 and were, therefore, included within the broad arbitration agreement Plaintiff had signed at the outset
21 of her employment.  (Doc. 45, p. 3).  The Court held that the proposed new claims were subject to
22 arbitration by the AAA and that all further proceedings must occur before the AAA.  (<u>Id.</u>).

23      4. On May 18, 2006, Defendant filed a status report, in which it detailed the problems it had
24 encountered setting an arbitration hearing due to Plaintiff's objections to many of AAA's proposed
25 arbitrators.  (Doc. 45).  At a status conference on May 25, 2006, Plaintiff indicated that she wished to
26 file a motion to address the pending arbitration before the AAA.  (Doc. 49, p. 1).  The Court granted
27 Plaintiff until June 8, 2006, to file such a motion.  (<u>Id.</u>).  The Court set a new status conference for
28 ///

August 30, 2006, and, at the same time, admonished Plaintiff that the federal case remained stayed pending arbitration by the AAA. (Id. at p. 2).

5. On June 12, 2006, Plaintiff requested an additional sixty days within which to file her motion. (Doc. 50). The Court ordered Plaintiff to provide a declaration stating good cause for such a request. (Doc. 51). At the status conference on August 30, 2006, the Court ordered that Plaintiff file her new motion by September 15, 2006. (Doc. 52). On September 19, 2006, Plaintiff filed a Motion For Remand, Relief of Stay, and To Amend Pleadings. (Doc. 53). On October 3, 2006, Defendant filed its opposition. (Doc. 58). This Court denied Plaintiff's motion on November 8, 2006, noting that it constituted Plaintiff's "third, and possibly fourth, bite at the apple," as Plaintiff had already challenged the issue of compelled arbitration on three prior occasions, i.e., once in her original opposition to Defendant's motion (Doc. 33), once immediately following the order to compel arbitration (Doc. 37), and once in the motion filed on February 9, 2006, (Doc. 41). (Doc. 61). In the November 8 order, this Court scheduled a February 1, 2007, Status Conference to assess the progress of the arbitration proceedings. (Id. at pp. 6-7).

6. The February 1, 2007 Status Conference came on for hearing before Judge Goldner at 9:48 a.m. in Bakersfield, California. All parties were given an opportunity to appear telephonically. (Doc. 61)[4]. Plaintiff appeared in person and Marlene Muraco, counsel for Defendant, appeared telephonically. At the commencement of the Status Conference, the Court explained that the purpose of the hearing was to discuss the status of the AAA arbitration which had been ordered on July 26, 2005. Defendant reported that the arbitration was held in abeyance when Plaintiff declined to participate in the arbitration. Defendant's counsel reported that Plaintiff objected to the arbitration process, objected that she had been ordered into arbitration, and declined to participate in the arbitration process. Defendant's counsel further reported that Plaintiff had rejected five or six proposed arbitrators, and, when an arbitrator was eventually appointed, Plaintiff declined to participate in the arbitration proceedings. Plaintiff denied Defendant's counsel's allegations, and

---

[4] Page 7, Lines 1-3 of the Court's Order Denying Plaintiff's Motion for Remand, Motion for Relief of Stay, and Motion to Amend Pleadings, and Order Setting Status Conference, states: "The parties are ordered to appear, either in person or telephonically, for a status conference regarding the progress of arbitration before the AAA on February 1, 2007, at 9:30 a.m.."

6

raised complaints about the Status Conference being conducted in Bakersfield.[5]  The Court informed the parties that it would issue an order to show cause why the instant case should not be dismissed for Plaintiff's failure to comply with the Court's order to arbitrate.  As the Court explained the parties' right to file responses to the order to show cause, and as it started to address Plaintiff's other concerns, including conducting a Status Conference in Bakersfield, Plaintiff stood up and began to walk out of the Status Conference while court was in session and the Court was making its oral ruling. Despite the Court's repeated admonishments to Plaintiff to sit down, Plaintiff abruptly left the courtroom and did not return. (Doc. 65 and docket entry 64).

      7.  On July 26, 2005, Plaintiff's claims were referred to arbitration before the AAA and this action was stayed (the "arbitration order"). (Doc. 36).  On March 22, 2007, this Court conducted an order to show cause hearing wherein Plaintiff was provided an opportunity to show cause why this action should not be dismissed for Plaintiff's failure to comply with the arbitration order. (See docket entry 70).  Plaintiff had more than 19 months - from July 26, 2005 to March 22, 2007- to arbitrate her claims and has failed to do so.  Instead, Plaintiff has filed at least three separate unsuccessful motions to overturn the arbitration order and failed to cooperate to accomplish the arbitration.  As a result of Plaintiff's refusal to cooperate to accomplish the arbitration, the Court's arbitration order has been circumvented, and this action has not advanced towards resolution.  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh heavily in favor of dismissal of this action.

      8.  Plaintiff's failure to arbitrate her claims has unreasonably delayed the resolution of this action for more than 19 months.  A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Moneymaker v. CoBEN (In re Eisen), 31 F.3d 1447, 1453 (9th Cir. 1994); Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff has failed to show any non-frivolous excuse for her refusal to participate in the arbitration process since July 2005, and has failed to rebut the presumption of prejudice to Defendant.  The Court finds that the risk of prejudice to Defendant weighs in favor of dismissal of this action.

---

[5] On September 21, 2006, this case was reassigned from then-Magistrate Judge O'Neill, whose chambers are in Fresno, to Magistrate Judge Goldner, whose chambers are in Bakersfield, California.  (Doc. 54).

9. No arbitration has occurred since the arbitration order was issued, because Plaintiff refused to cooperate in the AAA arbitration proceedings. Rather than comply with the Court's arbitration order, Plaintiff filed continuous motions in this Court after the case was stayed, and refused to work with Defendant and the AAA to enable the arbitration hearing to proceed. The Court finds that Plaintiff obstructed and stalled the arbitration process and circumvented the Court's arbitration order, and thereby impeded the judicial process and failed to comply with the Court's arbitration order. (Doc. 36). When a plaintiff's conduct obstructs the resolution of the plaintiff's claims on the merits, the public policy favoring disposition of cases on the merits "lends little support" to the plaintiff. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1228. In the instant case, as Defendant notes, "not only has Plaintiff not moved this case forward, but she is actually preventing it from moving forward by refusing to participate in the arbitration process." (Doc. 66, 10:11-12). Plaintiff's failure to comply with the arbitration order also weighs heavily in favor of dismissal of this case, because Plaintiff signed an employment contract in which she agreed to arbitrate employment disputes such as the ones raised in her amended complaint. Similar arbitration clauses generally prevent this Court from adjudicating the action on the merits. (See Doc. 36 and cases cited therein). The Court finds that the public policy favoring disposition of cases on their merits is greatly outweighed by the factors in favor of dismissal in this case.

10. The Court has also considered whether less drastic alternatives to dismissal are available. The Court's OSC order of February 2, 2007, expressly states: "Plaintiff is forewarned that her failure to comply with and/or respond to this order shall result in a dismissal of this case, with prejudice, pursuant to Local Rule 11-110." (Doc. 65). The same order also states: "If, on or before 4:00 p.m. on March 21, 2007, the parties file a written stipulation with the Court, representing that progress has been made towards arbitration, i.e., an agreed-upon arbitration date has been set, and/or the arbitration hearing has taken place, the Court will consider discharging this order to show cause and issuing an order vacating the March 22, 2007 order to show cause hearing." (Doc. 65). No such stipulation was filed. The Court concludes that Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's arbitration order, and also had adequate opportunity to comply with the order. Moreover, in light of the more than 19 months that Plaintiff has failed to

1 arbitrate this action and the Court's repeated orders to proceed with the arbitration, Plaintiff had
2 abundant opportunity and incentive to comply with the arbitration order, but nevertheless failed to
3 act in a fashion that would allow the arbitration proceedings to move forward.  The Court warned
4 Plaintiff that failure to comply would result in a dismissal,  gave Plaintiff one month to show why
5 this action should not be dismissed, and gave Plaintiff an additional more than one month to move
6 forward with the arbitration in order to avoid a dismissal.  (Doc. 65).  Nevertheless, despite such
7 warning and opportunities, Plaintiff failed to proceed with the arbitration.  Given Plaintiff's steadfast
8 refusal to accomplish the arbitration as ordered, for more than 19 months and despite adequate
9 warning, incentive and abundant opportunity to do so, the Court concludes that Plaintiff's
10 compliance with the arbitration order is unlikely and that there are no less drastic alternatives to
11 dismissal available in this case.

12          11.  Based on the foregoing, the Court concludes that Plaintiff has failed to show good cause
13 why this action should not be dismissed for Plaintiff's failure to obey the Court's arbitration order
14 (Doc. 36), and that the five Thompson factors weigh heavily in favor of dismissing this action with
15 prejudice, for Plaintiff's failure to follow the Court's order (Doc. 36).  Thompson v. Housing Auth.,
16 782 F.2d at 831.

17          Based on the foregoing, IT  IS HEREBY ORDERED that:
18          1. Plaintiff's Objections to the Order to Show Cause are overruled and denied (Doc.69);
19          2. Pursuant to the Order to Show Cause (Doc. 65), this action is DISMISSED, with
20 prejudice, for Plaintiff's failure to comply with the Court's July 26, 2005 order (Doc. 36); and
21          3. The Clerk of the Court is DIRECTED to enter judgment against Plaintiff Grantrina A.
22 Davis and for Defendant Connecticut General Life Insurance Co., erroneously sued as CIGNA
23 Healthcare.

25 IT IS SO ORDERED.

26 Dated:   **June 5, 2007**                                    **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE
27
28